UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC. | § | |
| d/b/a IOU FINANCIAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CASE NO: 5:22-cv-00224 |
| | § | |
| DAN WATSON COMPANIES, LLC | § | |
| a/k/a D. WATSON COMPANIES; | § | |
| DAN DAVID WATSON; | § | |
| | § | |
| Defendants. | § | |

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1.      Plaintiff is incorporated in Delaware, whose principal place of business is located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332

2.      Dan Watson [Debtor] is domiciled in and a citizen of Texas per § 1332, the sole member of Dan Watson Companies, LLC [Business] during the events in question.

3.      Debtor is an officer, owner or agent of Business with authority to act on its behalf and Defendants have authority to act on behalf of each other, such as the transactions at issue.

4.      Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims. The case concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

5.      Under 28 U.S.C. § 1391 and § 124, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and personal jurisdiction here to which they are subject. The Loan at issue and its governing

instruments stipulate they were applied for, considered in, funded from and due to be performed in Georgia. They are governed by Georgia law, applicable to all claims at issue, which may be enforced here or in Georgia, which waive defenses of personal jurisdiction and venue, as Defendants agreed, who subjected themselves to jurisdiction in either forum with their property and assets. Business is related to Debtor and bound by the Instruments, per their enterprise, of property secured by the Loan or other conduct in which they participated. It was foreseeable that all Defendants would be bound by the instruments, per their terms.

6.      Personal jurisdiction exists and proper under Tex. Civ. Prac. & Rem. Code § 17.001 *et seq* and the Constitution to all Defendants, their property and assets. They regularly engage in foreseeable, intentional, continuous and systematic contacts here, reside here, conduct business here or perform work here, contract with citizens here or own property here. They have sufficient minimum contacts here, in general and as to this specific case. Exercising jurisdiction over them here does not violate due process or offend traditional notions of fair play and substantial justice.

7.      Defendants conducted their Texas truck businesses as their enterprise, sharing its offices, officers, staff, property and assets. They occupied offices based from the same locations. They share common ownership, management and finances.

8.      Business and Debtor, applied for a commercial loan [Loan] at Plaintiff's Georgia office. They represented in the application process that Debtor could bind the Business, had the ability and intent to comply with the Loan, whose application information was truthful, upon which Plaintiff materially relied, which Defendants assumed adopted and ratified. Debtor and Business did not disclose any financial issues with Business to Plaintiff.

9.      On or about <u>1/22/19 [Closing]</u>, Business, through Debtor, executed and delivered a Note to Plaintiff for a gross loan amount/principal sum of <u>$309,000.00</u>, Plaintiff's Georgia office, in exchange for its Funds, with a loan guaranty fee, confirming all information in the loan application process which the Defendants assumed, adopted and ratified [Note ¶¶ 1-5].

10.     The Note is breached and in default if (i) <u>its amounts are not received when due</u>; (ii) Business <u>breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting</u>; a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days (iv) Business ceases to exist (v) <u>obtains another loan without written permission</u> [Note ¶ 6].

11.     The Note is Business's unconditional legal obligation to satisfy the Loan, with all others who become liable for its amounts due, such as the other Defendants, which waived any defenses to it, aside from payment, which states:

> *Borrower and all others who become liable for the payment of all or any part of the amounts due under this Note* [emphasis added] do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest and non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) any defense of the statute of limitations in any action or proceeding brought for the collection of the amounts due under this Note [Note ¶13].

> Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder *absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff* [emphasis added] [Note ¶14].

12.     The Note is governed by Georgia law and subject to jurisdiction and venue in any forum in any action arising from or relating to it [Note ¶¶ 20, 23, 24] which the Defendants assumed, adopted and ratified.

13.     The property and assets of Business, with all others who become liable per the Note, are encumbered as its collateral under a Security Agreement in the Note, which the Defendants assumed, adopted and ratified, which provides:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

14.     The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional remedies relating to any collateral, security or property interests of Business and Debtor for debt owed under the Loan [Note ¶ 25] which Defendants assumed, adopted and ratified.

15.     On or about the Closing, Debtor[ executed and delivered a Guaranty of the Note and Security Agreement to Plaintiff's Georgia office, again confirming all information in the loan application process which the Defendants assumed, adopted and ratified [Guaranty[s] p. 1].

16.     The Guaranty is breached and in default based upon a breach of and default on their terms or any breach of and default on the Note [Guaranty p. 1].

17.     The Guaranty is the unconditional legal obligation of Debtor to satisfy the Loan, with all others who become liable for it, with Debtor's estates, executors, administrators, heirs, successors and assigns, such as the Trust, which they assumed, adopted and ratified, in which defenses to the Loan are waived aside from payment, which state:

> In consideration of the loan made by Lender to Borrower, Guarantor hereby *absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand*. [emphasis added] This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that *might otherwise constitute a defense to this Guaranty*. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].

> This Guaranty is a *continuing and irrevocable* guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, [emphasis added] provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].

18.     The Guaranty[s] are governed by Georgia law and all others who become liable for or are bound by the Loan, who are subject to jurisdiction and venue in any action arising from or relating to the Loan [Guaranty ¶¶ 1] which the Defendants adopted and ratified.

19.     The property and assets of Debtor and all others who become liable for or are bound by the Loan are encumbered as collateral for the Loan per the Note, Security Agreement and Guarantees, or as otherwise required, which Defendants assumed, adopted and ratified.

20.     Plaintiff may enforce the Loan as to Debtor and all others who become liable for and are bound by the Loan under the Guaranty, with its same methods and remedies in the Note such as the Security Agreement [Guaranty ¶¶ 13, 19].

21.     At the Closing, Debtor executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from his account into Plaintiff's account, certifying its purpose and their account, which the Defendants ratified and adopted.

22.     At the Closing, Debtor and Business received the Loan Funds by wire transfer into their account from Plaintiff's account to which all Defendants ultimately ratified.

23.     Defendants assumed and adopted and ratified the Note, Guaranty, Security and Debit Agreements and any Modifications [Instruments], Upon information, they used the Funds to maintain or purchase property subject to the Loan, for which they are liable. At the Closing, they omitted to mention the involvement of the Business with the Loan. They incurred numerous unauthorized debts for the Business after the Loan. They wrongfully disposed or impaired the property and assets of Business to interfere with, impair, hinder, delay and prevent enforcement of the Loan as to its property and assets, to benefit themselves and defraud Plaintiff after the Closing, in which the Defendants participated.

24.     The Instruments secure and encumber the property and assets of Defendants, such as but not limited to the below ones, which Defendants use to operate their enterprise:

(a)     215 Woodlake Drive, McQueeney Texas 78123, Parcel Id. No 1G-3700-3000-00310-000 owned by Debtor since prior to the Loan, valued in excess of $76,000.00.

(b)     2014 Freightliner Truck, Vin. No. 1FUJGLD55ELFJ1714, owned by Defendants.

(c)     2010 Freightliner Truck, Vin 1FUJGBDV5ALAN6254, owned by Defendants.

(d)     2010 Freightliner Truck, Vin 1FUJGEDR9ALAN6746, owned by Defendants.

(e)     2017 Ford Pickup, Vin No. 1FT7W2BT8HED46294, owned by Defendants.

(f)     Any other property and assets owed by the Defendants.

(g)     The interests of Defendants in any other business, of which they are

agents, owners, members and officers, which they owned at any time, which include the above.

(h)     Any property and assets encumbered by other debts of Defendants, satisfied by

the Loan, into which Plaintiff is subrogated, such as a Prior Loan that Defendants obtained from

Plaintiff, with the same terms and conditions, namely Loan No. 1112659 [Prior Loan].

(i)     These and other properties and assets of the Defendants are not subject to a

homestead or other protection or exemption, waived by the Instruments or by their misconduct,

which were purchased, improved or maintained with the Funds, or are otherwise invalid.

(j)     The properties and assets of Defendants are subject to any UCC-1 or other notice

as to the Loan and Instruments by Plaintiff and are subject to jurisdiction here.

25.     The Instruments, when read together, are the commercial Loan, that "absolutely

and unconditionally" promises its "payment and collection" [Note ¶¶ 2, 14, Guaranty[s] ¶¶ 1-3].

Defendants are "liable for its amounts due" including the Trust as a "successor and assign" of

Debtor and Business [Note ¶ 13, Guaranty[s] ¶¶ 3]. It bars their claims, offsets and defenses

except payment [Note ¶¶ 13-14, Guaranty[s] ¶¶ 2]. It provides for payment of interest, costs,

other charges and attorney's fees [Note ¶¶ 2, 5, 8, 9, 10, Guaranty[s] ¶¶ 1, 7]. It is enforceable by

remedies that Plaintiff may simultaneously pursue, including on the debt and Security

Agreement [Note ¶¶ 21, 25, Guaranty[s] ¶¶ 13, 19]. It was ratified by the Defendants who

accepted and retained the Funds, subject to its terms.

26.     Defendants breached and defaulted upon the Instruments, such as but not limited to misrepresentations when obtaining the Loan, defaulting just after the Closing, failing to disclose their debts or those of Business, failing to make payments, obtaining unapproved loans, dissipating, disposing of and benefitting from property and assets secured by the Loan such as theirs. They did so to impair, hinder, delay and prevent enforcement of the Loan, to defraud Plaintiff after the Closing, which they did not cure even after demand by Plaintiff. These matters require equitable relief, for which there is no adequate legal remedy given this conduct for which Defendants are liable. Business was undercapitalized of which Defendants are alter-egos or constitute a partnership or enterprise.

27.     Plaintiff owns and holds the defaulted Instruments, which has standing to enforce prior to commencing suit, whose principal balance and value exceeds $76,000.00, with attorney's fees, pre-judgment interest and other charges as provided by law and their terms [Note ¶¶ 2, 5, 7, 8, 9, 10, 12, Guaranty ¶¶ 1, 7].

28.     Plaintiff reasonably relied upon the representations of Defendants through Debtor and Business and paid the Funds to them, which closed the Loan with them as a result.

29.     The Defendants accepted the Funds, who are fraudulently, wrongfully or unjustly enriched with them at Plaintiff's expense, by retaining them, their property and assets

30.     Defendants are indebted to Plaintiff for the Funds, of which their property and assets are secured as collateral per the Instruments.

31.     All interests in the property and assets of Defendants are subject to, subordinate and inferior to Plaintiff's interest, of which they had notice or knowledge, who will not be prejudiced or subjected to injustice by the relief sought.

32.     All conditions precedent to suit to occurred, were fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

<u>**COUNT I: ENFORCEMENT OF SECURED**</u>
<u>**INSTRUMENTS AS TO ALL DEFENDANTS**</u>

33.     ¶¶ 1-32 are incorporated.

34.     The Instruments are intended to bind the recipients and beneficiaries of the Funds, such as Defendants which they assumed, adopted and ratified.

35.     The Instruments are secured by all property and assets of Defendants by their their terms, per the Security Agreement and due to their conduct, which they ratified.

36.     Defendants breached the Instruments, requiring enforcement of the Instruments as to their property and assets, per the terms of the Instruments or based upon their conduct.

37.     Defendants accepted the Funds, which they wrongfully retain, who are otherwise unjustly enriched by retaining them with their property and assets.

38.     Defendants cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their misconduct.

39.     The Note states the Debtor as its obligor which should refer to the Business.

40.     The Instruments are enforceable as to the property and assets of Defendants as a secured debt, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice anyone, reflecting the obligations of the Defendants under the Loan.

41.     Per 28 U.S.C. §§ 2201, 2001 and applicable law, Plaintiff requests that the Court declare and establish Defendants are liable for the Instruments, which are a secured interest in their property and assets, enforceable as an equitable lien or mortgage, constructive trust or like remedy, and Plaintiff is subrogated into the Prior Loans, judicially foreclosing its secured lien interest in all property, and assets of Defendants, their fixtures, appurtenances, rents, contents

and insurance for all sums due under the Loan, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption, subject to prior liens, issuing a post-sale writ of possession and of ejectment for Plaintiff or any purchaser, without waiver of its other remedies, relating back to their execution, granting all just relief, such as its other relief pled.

## COUNT II: BREACH OF INSTRUMENTS
## AS TO ALL DEFENDANTS

42.     ¶¶ 1-32 are incorporated.

43.     Defendants consented to and ratified the Instruments by accepting the Funds for which they are liable as co-guarantors and obligors.

44.     Defendants breached the Instruments, failed to make payments, who did not otherwise comply with their terms, which are now in default and due.

45.     Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

46.     Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and the Defendants they will be indebted for Plaintiff's fees and costs.

47.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

48.     Plaintiff demands judgment for its damages on the Instruments as to Defendants for a principal balance of at least $76,000.00, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT
## AS TO ALL DEFENDANTS

49.     ¶¶ 1-32 are incorporated.

50.     Defendants induced and encouraged Plaintiff to confer the Funds upon them through the Debtor, of which they assumed, adopted and ratified.

51.     Plaintiff provided the Funds to Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

52.     The Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

53.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

54.     Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to the Defendants for the Funds, costs and all just relief, such as an equitable lien, equitable mortgage or constructive trust on their property and assets.

## COUNT IV:  MONEY HAD AND RECEIVED
## AS TO ALL DEFENDANTS

60.     ¶¶ 1-32 are incorporated.

61.     Defendants wrongfully induced payment of the Funds which they received, hold and which rightfully belong to Plaintiff.

62.     Defendants should not retain and unjustly enrich themselves at Plaintiff's expense with the Funds to which Plaintiff is entitled in good conscience and equity.

63.     Plaintiff made demand for repayment of the Funds upon the Defendants by and/or through Debtor which was refused and/or unnecessary and/or futile.

64.     Plaintiff demands judgment as to Defendants for the unpaid balance of the Funds, for at least $76,000.00, plus interest, costs and all just relief, including its equitable remedies.

## COUNT V: ATTORNEY'S FEES
## AS TO ALL DEFENDANTS

65.     ¶¶ 1-32 are incorporated.

66.     Defendants acted in bad faith by their misconduct, refusing to resolve the matters matters, requiring Plaintiff to bring the action and incur costs and fees.

67.     Defendants were stubbornly litigious as there was no dispute of their liability, which caused Plaintiff the unnecessary trouble/expense to bring suit.

68.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest plus any charges provided by the terms of the Instruments.

69.     Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment against Defendants for its fees, costs and just relief, such as its other remedies, if not otherwise granted.

70.     Defendants did not resolve the just amounts owed on Plaintiff's claims within 30 days after they were presented, which required Plaintiff to bring suit and is entitled to its fees.

71.     Plaintiff is entitled to its reasonable fees for bringing its claims, including its claims for declaratory relief, if not otherwise granted.

72.     Under Tex. Civ. Prac. & Rem. Code § 38.001 et seq and applicable law, Plaintiff demands judgment as to Defendants for its fees if not otherwise granted.

73.     Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 8th day of March 2022.

By:    */s/Paul G. Wersant*            
Paul G. Wersant
WD of TX Bar No. 748341 *pro-hac vice/bar application pending*
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No.121795